Isidro FONSECA

v.

NORTH AMERICAN SALT & FRESH FISH COMPANY, INC.

No. 97–640–Appeal.

Supreme Court of Rhode Island.

April 26, 1999.

Paul J. Panichas.

Gerald John Petros, Michael J. Pisaturo, Providence.

## ORDER

The question presented in this case is whether one co-owner of property may bring an action for eviction for nonpayment of rent without the other co-owners' agreement. The plaintiff, Isidro Fonseca, has appealed from the dismissal of his claim for eviction for nonpayment of rent against the defendant, North American Salt & Fresh Fish Company, Inc. (Fish Company), and for $92,333, representing back rent of which Fonseca claims a $23,333 share.

This case came before the Supreme Court for oral argument on April 6, 1999, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. Having reviewed the parties' submissions to the Court and discussed significant issues with counsel for the parties during oral arguments, we are of the opinion that the posture of this case at this juncture is not suitable for a summary disposition.

The plaintiff is one of four owners in common of commercial property in Pawtucket, Rhode Island. This property was leased to defendant, Fish Company. The plaintiff filed a complaint in the District Court for eviction of defendant for nonpayment of rent. After a conditional dismiss-

al, his case was ultimately dismissed on the merits pursuant to Dist.R.Civ.P. 41. The plaintiff then filed an appeal to the Superior Court, following which defendant filed a motion to dismiss pursuant to Super.R.Civ.P. 12(b)(6), asserting that although plaintiff had denominated this a trespass and eviction action, it was in reality a dispute among the co-owners of the property. The motion justice determined that under § 34–20–3, a single co-tenant, such as plaintiff, could not bring an action for eviction. Rather, the trial justice ruled, a co-tenant acting alone was only entitled to bring an action for his or her share of the estate. The plaintiff filed a notice of appeal on April 17, 1997.

Having carefully reviewed the memoranda submitted by the parties and the complex and multifaceted record in this case, we conclude that the summary remedy entered in the District Court was not appropriate. Accordingly, we remand this case to the Superior Court with our direction that it exercise its powers in equity to determine the rights and liabilities of all the parties in this case. The Superior Court may conclude, after these determinations, that a single tenant in common may not be entitled to a judgment of eviction against Fish Company but may be entitled to other relief. In any case, it is quite clear that the controversy is not a suitable case for a summary disposition.

Therefore, we sustain the appeal of the plaintiff insofar as we vacate the Superior Court order of dismissal and remand the case to the Superior Court for proceedings in accordance with this Order.